**FILED**

**SEP 1 6 2010**

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

In the District Court of the United States
For the Western Federal District of Oklahoma

Richard L. Cornforth,           )
                            )

Plaintiff,              )

Vs.                  ) No.
                            )

Edward A. Goldman, d.b.a. GOLDMAN   )
LAW, PLLC,                )
                            )

Defendant.            )

**CIV-10-1003 L**

Complaint under authority of the Fair Debt Collections Practices Act, Expressly, Title 15 of the U.S. Code found at sections, 1692d(1), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(9), 1692e(10), and 1692e(13), pled in harmony with Title 18 of the U.S. Code at sections 1964(a)&(c) and Title 18, sections 1341, 1436 & 1962   **NOTE: This complaint is also pled in harmony with *Smith vs. Rockett, et al.* 522 F.3d 1080 (10th Cir. 04/11/2008)/NOTICE TO THE COURT UNDER AUTHORITY OF 18 U.S.C. §§ 3 & 4**

Jurisdictional statement

1. The United States District Court for the Western Federal District of Oklahoma has *subject matter jurisdiction, federal question jurisdiction*, - 28 U.S.C. § 1331 - as testimony *infra* establishes a factually sufficient claim to empower this Court to afford this complainant remedies found at Title 15 of the U.S. Code, section 1692 and Title 18 of the U.S. Code, section 1964(a) & (c). This complaint is timely as the pattern of violations of federal laws began on September 18th of 2009. **NOTE: This complaint does _not_ seek appellate review of any state court action; this complaint is expressly limited to defendant Edward A. Goldman's violations of the laws of the United States, while Goldman was acting in a capacity of a third party debt collector.**

1

## Parties to the complaint

2.  Richard L. Cornforth is the complaining party as Richard L. Cornforth seeks to vindicate federally protected rights as a consumer who has been defrauded and extorted by Edward A. Goldman whose conduct was unreasonable, negligent, wanton, willful, and malicious without either Richard L. Cornforth's consent or Goldman citing any lawful authority whatsoever for Goldman's depradations resulting in Goldman's offenses, *inter alia,* to public decency including harassment, intimidation, invasion of privacy, and false arrest causing Richard L. Cornforth suffer humiliation, embarrassment, public ridicule, emotional pain, mental anguish, economic hardship, and financial losses warranting actual and punitive damages, or in the alternative, those damages provided for at 18 U.S.C. § 1964(a) & (c) as articulated *infra.*

3.  Edward A. Goldman is the respondent having violated Title 15 of the U.S. Code at sections 1692 et seq. and Title 18 of the U.S. Code at sections 1341, 1346, and 1962, and who, at all times, during Goldman's mendacious and sociopathic attack on Richard L. Cornforth, was acting as a third party debt collector attempting to collect a debt through any means including death threats.

## Theory of the case

4.  September 18th of 2009, Goldman, attempting to collect an alleged debt purportedly owed by Richard L. Cornforth, began a campaign of harassment, fraud, and extortion expressly prohibited by Federal Laws. In addition to inconvenience and intentional infliction of emotional anguish, Richard L. Cornforth has suffered *damages in*

2

*fact* approximating two hundred thousand dollars, ($200,000.00).   Goldman, in Goldman's ongoing pattern of harassment, fraud, and extortion, engaged in collection activity without notice to Richard L. Cornforth that Goldman was attempting to collect a debt. Goldman has repeatedly used threat of arrest and  repeatedly attempted to arrest Richard L. Cornforth using deadly force in an attempt to collect the alleged debt, and Goldman has, on numerous occasions, engaged in other criminal wrongdoing including subornation of perjury, mail fraud, and forgery of public records. Goldman has been repeatedly  aided and abetted  in Goldman's ongoing attempt to collect a false debt by a number of *state actors* who are not identified by name to protect the integrity of these proceedings from interference.

## NOTICE TO THE COURT UNDER AUTHORITY OF 18 U.S.C. §§ 3 & 4

### Affidavit

I, Richard L. Cornforth, of age and competent to testify, state as follows based on my own personal knowledge:

(1). September 18th 2009, Edward A. Goldman engaged in collection activity. Goldman's collection activity of September 18th of 2009 was an attempt to collect an un-validated debt.  Goldman's collection activity of September 18th of 2009 included a threat to have me arrested. I did not receive a notice prior to Goldman's September 18th 2009 collection activity informing me that Goldman was attempting to collect a debt. After exercising due diligence, I was not able to learn that Goldman is a licensed, bonded debt collector and was not able to find a record where Goldman had bonded his collection of a debt that I allegedly owed before attempting to effect a levy  and/or a garnishment to take money and property from me.

(2). October 6th 2009, Edward A. Goldman engaged in collection activity. Goldman's collection activity of October 6th 2009 was an attempt to collect an un-validated debt.  Goldman's collection activity of October 6th 2009 included a threat to

3

have me arrested. I did not receive a notice prior to Goldman's October 6th 2009 collection activity informing me that Goldman was attempting to collect a debt. After exercising due diligence, I was not able to learn that Goldman is a licensed, bonded debt collector and was not able to find a record where Goldman had bonded his collection of a debt that I allegedly owed prior to his efforts to attach and levy my assets.

(3). October 16th 2009, Edward A. Goldman engaged in collection activity. Goldman's collection activity of October 16th 2009 was an attempt to collect an un-validated debt. Goldman's collection activity of October 16th 2009 included a threat to have me arrested. I did not receive a notice prior to Goldman's October 16th 2009 collection activity informing me that Goldman was attempting to collect a debt. After exercising due diligence, I was not able to learn that Goldman is a licensed, bonded debt collector and was not able to find a record where Goldman had bonded his collection of a debt that I allegedly owed prior to his efforts to attach and levy my assets.

(4) About October 21st 2009, I received notice that Edward A. Goldman had altered a public record to facilitate his collection of a debt which was not validated then and remains un-validated now. I have been advised that Goldman's inducement of a public official to alter a public record and maintain an altered record in an attempt to arrest me to extort money including Goldman's attorney fees constitutes embezzlement.

(5). October 30th 2009, Edward A. Goldman engaged in collection activity. Goldman's collection activity of October 30th 2009 was an attempt to collect an un-validated debt. Goldman's collection activity of October 30th 2009 included a threat to have me arrested. I did not receive a notice prior to Goldman's October 30th 2009 collection activity informing me that Goldman was attempting to collect a debt. After exercising due diligence, I was not able to learn that Goldman is a licensed, bonded debt collector and was not able to find a record where Goldman had bonded his collection of a debt that I allegedly owed prior to attempting to take over twenty thousand dollars away from me and attempting to force me to surrender my driver's license to Goldman.

(6) November 12th of 2009, Goldman, without notice that he was attempting to collect a debt, filed papers that a retired Oklahoma District Court Judge has referred to as "sham legal process." The intent, as apparent on the face of the papers, is to take over twenty thousand dollars away from me as an advance of taking all of my savings,

4

investments, and retirement plan assets, all for a debt that then and now was and remains un-validated. I have been advised that Goldman's inducement of a public official to maintain false records in an attempt to arrest me to extort money including Goldman's attorney fees constitutes embezzlement.

(7) November 18th of 2009, Goldman, without notice that he was attempting to collect a debt, filed additional papers that a retired Oklahoma District Court Judge has referred to as "sham legal process." The intent, as apparent on the face of the papers is to take over twenty thousand dollars away from me as an advance of taking all of my savings, investments, and retirement plan assets, all for a debt that then and now was and remains un-validated. I have been advised that Goldman's inducement of a public official to maintain a false record in an attempt to arrest me to extort money including Goldman's attorney fees constitutes embezzlement.

(8). December 1st 2009, Edward A. Goldman conspired with one or more *state actors* to arrest me and hold me in a debtor's prison until such time as I paid Goldman over twenty-thousand dollars cash and surrendered my driver's license to Goldman to prevent me from driving until such time as Goldman was able to extort an open-ended sum of money from me that roughly equates to all of my savings, investments, and retirement plan assets. I did not, prior to December 1st of 2009, nor any time after, receive a notice that Goldman was attempting to collect a debt. I have been advised that Goldman's inducement of a public official to maintain false records in an attempt to arrest me to extort money including Goldman's attorney fees constitutes embezzlement.

(9) December 3rd, 2009, Edward A. Goldman conspired with three or more *state actors* to issue an arrest warrant and did succeed in generating a warrant for my arrest. I have received counsel from a retired Oklahoma District Court Judge that the arrest warrant is bogus. The purpose of the warrant which has been referred to as "sham legal process" by a retired Oklahoma District Court Judge was to arrest me and hold me in a debtor's prison until such time as I paid Goldman over twenty dollars cash and surrendered my driver's license to Goldman to prevent me from driving until such time as Goldman is able to extort an open-ended sum of money from me that roughly equates to all of my savings, investments, and retirement plan assets. After exercising due diligence, I was not able to learn that Goldman is a licensed, bonded debt collector and

was not able to find a record where Goldman had bonded his collection of a debt that I allegedly owed. I have received counsel from a retired Oklahoma District Court Judge that the arrest warrant is bogus. I have been advised  that Goldman's inducement of a public official to maintain false records in an attempt to arrest me to extort money including Goldman's attorney fees constitutes embezzlement.

(10) December 8th of 2009, Edward A. Goldman conspired with four or more *state actors* to arrest me to hold me in a debtor's prison  to  extort twenty-thousand dollars cash from me for an alleged debt which remains un-validated.  The *state actors* involved in the December 8th of 2009 incident included at least three swat or tactical team officers using at least three swat or tactical team vehicles, both the vehicles and the officers verify expending taxpayer-financed resources in an attempt to arrest me and hold me in a debtor's prison. I have been advised  that the use of taxpayer-financed resources in an attempt to arrest me  to extort money from me including Goldman's attorney fees constitutes embezzlement.

(11)  About December 30th, 2009, I received notice that Edward A. Goldman had again altered a public record to facilitate his collection of a debt which remains un-validated. I have been advised that Goldman's assisted alteration of a public record constitutes embezzlement. I have been advised   that Goldman's inducement of a public official to alter a public record and maintain an altered record in an attempt to arrest me to extort money from me including Goldman's attorney fees constitutes embezzlement.

(12) February 15th of 2010, Edward A. Goldman conspired with at least two or more *state actors* to arrest me to hold me in a debtor's prison to  extort twenty-thousand dollars cash from me for an alleged debt which remains un-validated.  The *state actors* involved in the February 15th of 2010 incident included at least two deputies using at least two patrol vehicles, both the patrol vehicles and the deputies expending taxpayer-financed resources in an attempt to arrest me and hold me in a debtor's prison. Both of the *state actors* crossed a threshold in an attempt to arrest me.  I have been advised  that the use of taxpayer-financed resources in an attempt to arrest me to extort money including Goldman's attorney fees constitutes embezzlement. I have also been advised that, absent an affidavit of probable cause that one has committed a felony crime, it is impermissible under the law to cross a threshold to a person's abode.

(13) March 9th   of 2010,  Edward A. Goldman conspired with at least two or more *state actors* to arrest me to hold me in a debtor's prison to extort twenty-thousand dollars cash from me for an alleged debt which remains un-validated.  The *state actors* involved in the March 9th of 2010 incident included at least two deputies using at least two patrol vehicles, both the patrol vehicles and the deputies expending taxpayer-financed resources in an attempt to arrest me and hold me in a debtor's prison. Both of the *state actors* crossed a threshold in an attempt to arrest me. I have been advised  that the use of taxpayer-financed resources in an attempt to arrest to extort money including Goldman's attorney fees constitutes embezzlement. I have also been advised that, absent an affidavit of probable cause that one has committed a felony crime, it is impermissible under the law to cross a threshold to a person's abode.

(14) About 10:00 am on March 25th of 2010, after parking a swat or tactical team vehicle near the property located at 1820 N. Glade Avenue in Bethany, Oklahoma, a *state actor*  who was one of at least four *state actors* acting in conspiracy with Goldman, trespassed on the property and collected car tag numbers of guests visiting the property on that date. At about 6:00, after staking out the property for an undetermined length of time, an unknown swat team member or members spotted  me outside the property attempting to pick up mail and three swat team vehicles converged on the property including one parking in the residential driveway in a manner that blocked two guests' vehicles from leaving. All swat team vehicles  had emergency lights and sirens on greatly disturbing the neighborhood peace. One swat team member vaulted over a locked gate and after ringing the door bell without  response, began yelling for me to come out, and that swat team member, for several minutes, attempted to literally beat the door down. Almost instantly after the first swat team member's assault on the property located at 1820 N. Glade Avenue, a second swat team member appeared at an adjoining dwelling and attempted to beat that door in. Momentarily, a swat team member, over a bull horn that could probably be heard more than a block away, yelled, "Richard Cornforth, you're under arrest, come out with your hands up." I declined to leave my residence because I had a good faith belief that the arrest warrant was a sham and because I believe that it was an attempt to assassinate me as part of "Project Walmart."  At approximately 6:20 pm on March 25th 2010 the civil commotion subsided after Bethany police officers

arrived and apparently told the swat team to turn off their sirens. I initially thought that the Bethany officers talked the situation down. I now have actual knowledge that Bethany officers were co-conspirators and were merely there to discuss whether the terrorism was going to be fruitless. The purposes of the swat activity on March 25th of 2010 included arresting me and holding me in a debtor's prison until Goldman was able to extort twenty-thousand dollars cash from me on his way to extorting an open-ended sum of money from me that roughly equates to all of my savings, investments, and retirement plan assets, all for a debt which remains un-validated. I have been advised that the use of taxpayer-financed resources in an attempt to arrest to extort money including Goldman's attorney fees constitutes embezzlement. I have also been advised by a psychiatrist that the behavior of Goldman and his co-conspirators was an exhibit of sociopathic behavior commonly exhibited by law enforcement officers everywhere in the United States; the psychiatrist having been contracted with to review testing for qualification to be in law enforcement including display of "controllable sociopathic behavior."

(15) At about 8:00 am, March 26th, 2010, a swat team member who identified himself as a *state actor*, stalked guest Burns Davis, and, obviously having run Mr. Davis' tag number gleaned by trespass the day before, arrested Mr. Davis on a Bethany street for no reason whatsoever and threatened Mr. Davis with jail in an attempt to extort assistance in arresting me and holding me in a debtor's prison until Goldman was able to extort twenty-thousand dollars cash from me on his way to extorting an open-ended sum of money from me that roughly equates to all of my savings, investments, and retirement plan assets, all for a debt which remains un-validated. At the time Mr. Davis was in custody, I was standing in the doorway of my home when another swat team member drove close by in a taxpayer-financed swat vehicle, glared at me, shook his fist, pointed at me, and yelled, "I'm gonna' get you!" I have been advised that the use of taxpayer-financed resources in an attempt to arrest to extort money including Goldman's attorney fees constitutes embezzlement.

(16) About April 15th of 2010, I was provided with notice by a *state actor* that Goldman had, for the third time, altered a public record in an attempt to hinder and prevent my exposure of Goldman's ongoing pattern of harassment, fraud, and extortion, all committed for the express purpose of Goldman collecting a debt which remains un-

validated. I have been advised that Goldman's assisted alteration of a public record constitutes embezzlement.

(17) May 23 of 2010, Edward A. Goldman conspired with at least two or more *state actors* to arrest me to hold me in a debtor's prison to   extort  twenty-thousand dollars cash from me for an alleged debt which remains un-validated. The *state actors* involved in the May 23rd of 2010 incident included at least two deputies using at least two patrol vehicles, both the patrol vehicles and the deputies expended taxpayer-financed resources in an attempt to arrest me and hold me in a debtor's prison. One of the *state actors* crossed a threshold in an attempt to arrest me. I have been advised  that the use of taxpayer-financed resources in an attempt to arrest to extort money including Goldman's attorney fees constitutes embezzlement. I have also been advised that, absent an affidavit of probable cause that one has committed a felony crime, it is impermissible under the law to cross a threshold to a person's abode.

(18) About July 30th  of 2010, I discovered that Edward A. Goldman had conspired with certain *state actors* to file a forged instrument falsely conveying about one hundred and fifty thousand dollars in real and personal property as part of Goldman's ongoing attempt to collect a still un-validated debt approximating two hundred thousand dollars on the way to extorting, additionally, virtually all of my savings, investments, and retirement plans. I have been advised that Goldman's assisted alteration of a public record constitutes embezzlement.

(19) August 2nd of 2010 at approximately 4:55 pm, at least one, but apparently two *state actors* in a taxpayer-financed patrol car, after spotting me outside, threatened and menaced me.  Obviously informed that I would not surrender to be incarcerated in a debtor's prison  to enable Goldman to extort twenty-thousand dollars cash from me on his way to extorting an open-ended sum of money from me that roughly equates to all of my savings, investments, and retirement plan assets, all for a debt which remains un-validated, that or those *state actor* or *actors*  didn't bother to attempt to arrest me, they only paused their vehicle in front of my home and shouted what I perceived to be a death threat.

(20)  After a hearing in the Oklahoma County Courthouse circa May of 2009, Goldman, frustrated at his attempts to extort me, began flailing away at me. When I

raised my hand to protect myself, Goldman stabbed me in the back of my hand with a metal ballpoint pen. A private investigator has informed me that Goldman, after his attack on me, secured the assistance of the Oklahoma County Sheriff's department to protect him from me retaliating for Goldman's stabbing me; the only actions that I have ever taken against Edward Goldman relied, as does this petition, on published law. The only people that I have ever observed in my life who conducted themselves as Goldman has eventually were either criminally prosecuted or adjudged insane.

(21) As a result of Edward A. Goldman's acts which extant records reveal are extortionate, I have been damaged financially, socially, and emotionally. The damages to my property interests alone approximate two hundred thousand dollars.

(22) Due to the of-record criminal misconduct of Edward A. Goldman, at all times aided and abetted by state actors, accomplished with total impunity, I have an immediate apprehension of being assassinated.

Richard L. Cornforth

STATE OF OKLAHOMA                    INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF OKLAHOMA                    Oklahoma Form

Before me, the undersigned, a Notary Public in and for said County and State on this 15th day of September, 2010, personally appeared Richard Cornforth to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 6-10-14

Notary Public

PHILIP MERRY
NOTARY
# 10004672
EXP. 06/10/14
PUBLIC
STATE OF OKLAHOMA

## Judicial   notice   of   law

### Federal laws

15 USC Sec. 1692d                    02/01/2010
TITLE 15 - COMMERCE AND TRADE
CHAPTER 41 - CONSUMER CREDIT PROTECTION
SUBCHAPTER V - DEBT COLLECTION PRACTICES

Sec. 1692d. Harassment or abuse

-STATUTE-

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

15 USC Sec. 1692e                    02/01/2010
TITLE 15 - COMMERCE AND TRADE
CHAPTER 41 - CONSUMER CREDIT PROTECTION
SUBCHAPTER V - DEBT COLLECTION PRACTICES

Sec. 1692e. False or misleading representations

-STATUTE-

A debt collector may not use any false, deceptive, or misleading  representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of -

(A) the character, amount, or legal status of any debt; or

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or  the seizure, garnishment, attachment, or sale of

11

any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken  or  that is not intended to be taken.

(7) The false representation or implication that the consumer  committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt  is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written  communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(13) The false representation or implication that documents are legal process.


18 USC Sec. 3     01/19/04,   TITLE 18 - CRIMES AND CRIMINAL PROCEDURE PART I – CRIMES, CHAPTER 1 - GENERAL PROVISIONS, Sec. 3.

-STATUTE-

Accessory after the fact Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or  punishment, is an accessory after the fact. Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be

imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be imprisoned not more than 15 years.

18 USC Sec. 4   01/03/05  TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I – CRIMES, CHAPTER 1 - GENERAL PROVISIONS Sec. 4. Misprision of felony.

-STATUTE-

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both

18 USC Sec. 1201[1]                              01/05/2009
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I – CRIMES
CHAPTER 55 – KIDNAPPING

-   STATUTE -

Sec. 1201. Kidnapping

 (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when –

        (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;

---

[1] In the matter of *Trezevant v. City of Tampa,* 741 F.2d 336 (11th Cir. 09/06/1984), the Courts ruled that the arrest of Trezevant, in context, violated 18 USC § 1201 - kidnapping.

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

(3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;(4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or (5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties, shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

(b) With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person has been transported in interstate or foreign commerce. Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended.

(c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

(d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.

(e) If the victim of an offense under subsection (a) is an internationally protected person outside the United States, the United States may exercise jurisdiction over the offense if

(1) the victim is a representative, officer, employee, or agent of the United States,

(2) an offender is a national of the United States, or

(3) an offender is afterwards found in the United States. As used in this subsection, the United States includes all areas under the jurisdiction of the United States including any of the places within the provisions of sections 5 and 7 of this title and section 46501(2) of title 49. For purposes of this subsection, the term "national of the

United States" has the meaning prescribed in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22)).

(f) In the course of enforcement of subsection (a)(4) and any other sections prohibiting a conspiracy or attempt to violate subsection (a)(4), the Attorney General may request assistance from any Federal, State, or local agency, including the Army, Navy, and Air Force, any statute, rule, or regulation to the contrary notwithstanding.

(g) Special Rule for Certain Offenses Involving

    Children.

        (1) To whom applicable. - If –

            (A) the victim of an offense under this section has not attained the age of eighteen years; and

            (B) the offender –

                (i) has attained such age; and

                (ii) is not –

(I) a parent; (II) a grandparent; (III) a brother; (IV) a sister; (V) an aunt; (VI) an uncle; or (VII) an individual having legal custody of the victim; the sentence under this section for such offense shall include imprisonment for not less than 20 years.

(h) As used in this section, the term "parent" does not include a person whose parental rights with respect to the victim of an offense under this section have been terminated by a final court order.


18 USC Sec. 1341                  01/19/04
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I - CRIMES
CHAPTER 63 - MAIL FRAUD
Sec. 1341. Frauds and swindles

-STATUTE-

Whoever, having devised or intending to devise any scheme or  artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations,

or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything  represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or  authorized depository for mail matter, any matter or thing whatever  to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 USC Sec. 1346                         01/08/2008
   TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I - CRIMES
   CHAPTER 63 - MAIL FRAUD

Sec. 1346. Definition of "scheme or artifice to defraud"

-STATUTE-

   For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

18 USC Sec. 1962                         01/19/04
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE
PART I - CRIMES
CHAPTER 96 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
Sec. 1962. Prohibited activities

-STATUTE-

(a) It shall be unlawful for any person who has received any  income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful

debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 USC Sec. 2331                            01/05/2009
TITLE 18 - CRIMES AND CRIMINAL PROCEDURE PART I - CRIMES
CHAPTER 113B - TERRORISM
Sec. 2331. Definitions

-STATUTE-

As used in this chapter -

(5) the term "***domestic terrorism***" means activities that -

(A) involve **acts dangerous to human life** that are a violation  of the criminal laws of the United States or of any State;

(B) **appear** to be intended -

(i) **to intimidate or coerce a civilian population**

## Oklahoma Constitutional provisions and statutes

Oklahoma Constitution, Article 2 – Bill Of Rights, § 13. Imprisonment for debt.

*Imprisonment for debt is prohibited,* except for the non-payment of fines and penalties imposed for the violation of law.

O.S. 12 Chapter 13, § 752

It shall be unlawful for anyone to levy an attachment or execution within this state who is not a bonded officer.

O.S. 12, Chapter 13 § 753

Any attachment or execution issued to, or levied by anyone other than a bonded officer shall be void and of no effect and the court clerk or judge of the district court, or clerks of the judge of the district court issuing same, or officer levying same, as the case may be, together with their bondsmen shall be liable for any damage caused thereby.

O.S. 12, Chapter 13, § 754

Anyone violating the provisions of this act shall be punished by a fine not to exceed One
Hundred Dollars ($100.00) or confinement in the county jail not to exceed thirty (30)
days or both.

O.S. 12, Chapter 21 § 1154

The order of attachment shall be directed and delivered to the sheriff. It shall require him
to attach the lands, tenements, goods, chattels, stocks, rights, credits, moneys and effects
of the defendant in his county, not exempt by law from being applied to the payment of
the plaintiff's claim, or so much thereof as will satisfy the plaintiff's claim, to be stated in
the order as in the affidavit, and the probable cost of the action not exceeding Fifty
Dollars ($50.00).

O.S. 12, Chapter 21  § 1153

The **order of attachment shall not be issued until an undertaking on the part of the
plaintiff has been executed by one or more sufficient sureties**, approved by the clerk
and filed in his office, **in a sum not less than double the amount of the plaintiff's
claim**, to the effect that the plaintiff shall pay to the defendant all damages that he may
sustain by reason of the attachment, including reasonable attorney's fees, if the order be
wrongfully obtained; but no undertaking shall be required where the State of Oklahoma is
the party plaintiff.

O.S. 12, Chapter 21 § 1174

A. In all cases of garnishment before judgment, the defendant in the principal action shall
be given notice of the issuance in said action of any garnishee summons, the date of
issuance of said summons, and the name of the garnishee.

C. In all cases of postjudgment garnishment, the court clerk shall attach notice, in a form
prescribed by the Administrative Director of the Courts, with the garnishment, in the
manner provided by Section 1172.2 of this title that the defendant may be entitled to
claim an exemption for any assistance received pursuant to the terms of the Federal or

Oklahoma Social Security Act and other exemptions that may be available to the defendant, and that any such claim should be filed with the court clerk within five (5) days from receipt of notice in a form prescribed by the Administrative Director of the Courts, requesting a hearing as to the status of any assets which the defendant asserts are exempt. Any proceeding to claim an exemption initiated subsequent to five (5) days after receipt of notice shall be by motion unless otherwise agreed by the parties.

D. Said notification may be accomplished by:

1. Serving a copy of the garnishee summons on the defendant or on his attorney of record in the manner provided for the service of summons; or

2. Sending the notice or a copy of the garnishee summons to the defendant or his attorney of record by registered or certified mail with return receipt requested, which receipt shall be filed in the action; or

3. Attaching the notice on the summons issued in the principal action prior to its service; or

4. Including the notice in the publication notice when service in the principal action is by publication; or

5. Publication one time in a newspaper of general circulation in the county in which the action is filed at least five (5) days prior to the date on which the garnishee's answer is due if the defendant is a nonresident or if the defendant's whereabouts are unknown to plaintiff.

O.S. 21, § 341.  Embezzlement and false accounts by officers.

Every public officer of the state or any county, city, town, or member or officer of the Legislature, and every deputy or clerk of any such officer and every other person receiving any money or other thing of value on behalf of or for account of this state or any department of the government of this state or any bureau or fund created by law and in which this state or the people thereof, are directly or indirectly interested, who either:

First:  Receives, directly or indirectly, any interest, profit or perquisites, arising from the use or loan of public funds in the officer's or person's hands or money to be raised through an agency for state, city, town, district, or county purposes; or

Second:  Knowingly keeps any false account, or makes any false entry or erasure in any account of or relating to any moneys so received by him, on behalf of the state, city, town, district or county, or the people thereof, or in which they are interested; or

Third:  Fraudulently alters, falsifies, cancels, destroys or obliterates any such account, shall, upon conviction, thereof, be deemed guilty of a felony and shall be punished by a fine of not to exceed Five Hundred Dollars ($500.00), and by imprisonment in the State Penitentiary for a term of not less than one (1) year nor more than twenty (20) years and, in addition thereto, the person shall be disqualified to hold office in this state, and the court shall issue an order of such forfeiture, and should appeal be taken from the judgment of the court, the defendant may, in the discretion of the court, stand suspended from such office until such cause is finally determined.

O.S. 21, Chapter 21 § 575

Every attorney who, whether as attorney or as counselor, who:

1st, is guilty of any deceit or collusion, or consents to any deceit or collusion with intent to deceive the court or any party; or,

2nd, willfully delays his client's suit, with a view to his own gain; or,

3rd, willfully receives any money or allowance for or on account of any money which he has not laid out or become answerable for, is guilty of a misdemeanor; and, in addition to the punishment prescribed therefor by this code, he forfeits to the party injured treble damages, to be recovered in a civil action.

O. S. 21, § 1451. Embezzlement defined.

A.  Embezzlement is the fraudulent appropriation of property of any person or legal entity, legally obtained, to any use or purpose not intended or authorized by its owner, or

the secretion of the property with the fraudulent intent to appropriate it to such use or purpose, under any of the following circumstances:

1. Where the property was obtained by being entrusted to that person for a specific purpose, use, or disposition and shall include, but not be limited to, any funds "held in trust" for any purpose;

2. Where the property was obtained by virtue of a power of attorney being granted for the sale or transfer of the property;

3. Where the property is possessed or controlled for the use of another person;

4. Where the property is to be used for a public or benevolent purpose;

5. Where any person diverts any money appropriated by law from the purpose and object of the appropriation;

6. Where any person fails or refuses to pay over to the state, or appropriate authority, any tax or other monies collected in accordance with state law, and who appropriates the tax or monies to the use of that person, or to the use of any other person not entitled to the tax or monies;

7. Where the property is possessed for the purpose of transportation, without regard to whether packages containing the property have been broken;

8. Where any person removes crops from any leased or rented premises with the intent to deprive the owner or landlord interested in the land of any of the rent due from that land, or who fraudulently appropriates the rent to that person or any other person; or

9. Where the property is possessed or controlled by virtue of a lease or rental agreement, and the property is willfully or intentionally not returned within ten (10) days after the expiration of the agreement.

Embezzlement does not require a distinct act of taking, but only a fraudulent appropriation, conversion or use of property.

B. Except as provided in subsection C of this section, embezzlement shall be punished as follows:

1. If the value of the property embezzled is less than Five Hundred Dollars ($500.00), any person convicted shall be punished by a fine not exceeding One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for a term not more than one (1) year, or by both such fine and imprisonment;

2. If the value of the property embezzled is Five Hundred Dollars ($500.00), or more but less than One Thousand Dollars ($1,000.00), any person convicted shall be guilty of a felony and shall be punished by imprisonment in the county jail for not more than one (1) year or by imprisonment in the county jail for one or more nights or weekends pursuant to Section 991a-2 of Title 22 of the Oklahoma Statutes, at the discretion of the court, and shall be subject to a fine not exceeding Five Thousand Dollars ($5,000.00), and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes;

3. If the value of the property embezzled is One Thousand Dollars ($1,000.00) or more but less than Twenty-five Thousand Dollars ($25,000.00), any person convicted shall be guilty of a felony and shall be punished by imprisonment in the State Penitentiary for a term of not more than five (5) years, and a fine of not exceeding Five Thousand Dollars ($5,000.00), and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes; or

4. If the value of the property embezzled is Twenty-five Thousand Dollars ($25,000.00) or more, any person convicted shall be guilty of a felony and shall be punished by imprisonment in the State Penitentiary for a term of not more than ten (10) years, and a fine not exceeding Ten Thousand Dollars ($10,000.00), and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes.

C. Any county or state officer, deputy or employee of such officer, who shall divert any money appropriated by law from the purpose and object of the appropriation, shall, upon conviction, be guilty of a felony punishable by imprisonment in the State Penitentiary for a term not less than one (1) year nor more than ten (10) years, and a fine equal to triple the amount of money so embezzled and ordered to pay restitution to the victim as provided in Section 991f of Title 22 of the Oklahoma Statutes. The fine shall operate as a judgment lien at law on all estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use of the person whose money or other funds or property were embezzled. In all cases the fine, so operating as a judgment lien, shall be released or entered as satisfied only by the person in interest.

<u>O. S. 21, § 1481</u>.  Extortion defined.

Extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right.

<u>O. S. 21, § 1482</u>.  Threats constituting extortion.

Fear such as will constitute extortion, may be induced by a threat, either: 1st.  To do an unlawful injury to the person or property of the individual threatened, or to any relative of his or member of his family; or, 2nd.  To accuse him, or any relative of his or member of his family, of any crime; or, 3rd.  To expose, or impute to him, or them, any deformity or disgrace; or, 4th.  To expose any secret affecting him or them.

 <u>O. S. 21, § 1483</u>.  Extortion or attempted extortion.

Every person who extorts or attempts to extort any money or other property from another, under circumstances not amounting to robbery, by means of force or any threat such as is mentioned in Section 1482 of this title, upon conviction, shall be guilty of a felony.  A conviction for extortion is punishable by imprisonment in the State Penitentiary for a term not exceeding five (5) years.  A conviction for attempted extortion is punishable by imprisonment in the State Penitentiary for a term not exceeding two (2) years.

 <u>O. S. 21, § 1484</u>.  Extortion under color of official right.

Every person who commits any extortion under color of official right,[2] in cases for which a different punishment is not prescribed by this code, or by some of the statutes, which it specifies as continuing in force, is guilty of a misdemeanor.

<u>O. S. 21, § 1533</u>.  Penalties - Definitions - Certain defenses excluded.

---

[2] Such as the dubious "right" to arrest a person and keep them in jail indefinitely beyond reach of a habeas corpus petition for failure to pay attorney fees.

C.   **Every person** who falsely asserts authority of law   guilty of a **felony**, punishable by imprisonment for not more than two (2) years, or a fine not exceeding Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.

H. As used in this section:

1.   "Sham legal process" means the **issuance**, display, **delivery**, distribution, reliance on as lawful authority, or other use of **an instrument that is not lawfully issued**, whether or not the instrument is produced for inspection or actually exists, and purports to do any of the following:

   a.   to be a **summons**, subpoena, judgment, **arrest warrant**, search warrant, or other order of a court recognized by the laws of this state, a law enforcement officer commissioned pursuant to state or federal law or the law of a federally recognized Indian tribe, or a legislative, executive, or administrative agency established by state or federal law or the law of a federally recognized Indian tribe,

   b.   to assert jurisdiction or authority over or determine or adjudicate the legal or equitable status, rights, duties, powers, or privileges of any person or property, or

   c.   to require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property; and

2. "**Lawfully issued**" means adopted, **issued**, or rendered **in accordance with the applicable statutes, rules, regulations, and ordinances of** the United States, **a state**, or a political subdivision of a state.

O.S. 76 § 2

One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.

<u>O.S. 76 § 3</u>

A deceit, within the meaning of the last section is either:

1. The suggestion, as a fact, of that which is not true by one who does not believe it to be true.

2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true.

3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

4. A promise, made without any intention of performing.

<u>O.S. 76 § 4</u>

One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit.

<u>O.S. 76 § 9</u>

Any necessary force may be used to protect from wrongful injury the person or property of one's self, or of a wife, husband, child, parent or other relative, or member of one's family, or of a ward, servant, master or guest.

<u>Conclusion and remedy sought</u>

A jury's determination that Edward A. Goldman, d.b.a. *Goldman Law, PLLC,* engaged in collection activity without notice that Goldman was attempting to collect a debt, engaged in an ongoing attempt to collect a false debt, altered public records, and used threat of arrest and imprisonment, Goldman's acts clearly rising to a level of racketeering including fraud, extortion, and mail fraud, in lieu of the mandated

procedures for collection via levy or garnishment after Goldman's still un-validated claim

of Richard L. Cornforth's alleged indebtedness, all in an attempt to extort in excess of

twenty-thousand dollars cash from Richard L. Cornforth and Richard L. Cornforth's

driver's license, bears on this Court the duties to order the dissolution of *Goldman Law,*

*PLLC,* remand Edward A. Goldman and all the *state actors* Goldman conspired with to

the United States Attorney for the Western Federal District of Oklahoma for a Grand

Jury's determinations of probable cause, and award the volume of damages this Court

finds as reasonable, lawful, and just which likely approximate six-hundred thousand

dollars together with all costs of prosecuting this action including attorney fees should

they be incurred.

TRIAL BUY JURY DEMANDED

Prepared and submitted by

                Richard L. Cornforth
                1820 N. Glade Avenue
                Bethany, Oklahoma 73008
                Phone: (386) 747-7000
                Fax: (206) 260-6235

Copies to:

        The Honorable Eric Holder,
        Attorney General of the United States
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

- and -

        Garvin A Isaacs , Jr.
        Garvin A Isaacs Inc
        1900 NW expressway, Suite 601
        Oklahoma City, OK 73118