**FILED**

In the District Court of the United States
For the Western Federal District of Oklahoma

SEP 3 0 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

|  |  |  |
|---|---|---|
| Richard L. Cornforth, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No. CIV-10-1003    R |
| | ) | |
| Edward A. Goldman, d.b.a. GOLDMAN LAW, PLLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

    Plaintiff, Richard L. Cornforth, notices the Court of a lawful, working definition of racketeering, notices  the Court of the lawful requisites of pleading fraud with particularity, notices the Court of the Court's duty to recognize and respect Richard L. Cornforth as a "Private Attorney General," and notices the Court in re void judgments.

### Notice to the Court of the prerequisites of stating a claim for RICO

    I. As offenses by racketeer influenced corrupt organizations, hereinafter, "RICO," relies on a repeated pattern of predicate acts, defined to include specified existing **state** and federal crimes,  "RICO itself has no separate *mens rea* [proof of intent] requirement [t]o gain a conviction." See, UNDERSTANDING WHITE COLLAR CRIME,  J. Kelly Strader, LexisNexis Publishing, 2002 at page 267.  RICO is to be "liberally construed to effectuate its remedial purposes." Strader, at page 267.  The elements of RICO include conclusion: (1) that a RICO enterprise existed, (2) that two or more predicate acts were committed, (3) that the predicate acts constituted a pattern, (4) that the defendant(s) (i) invested in an enterprise through the pattern of racketeering activity, or (ii) acquired an interest in or maintained control over an enterprise through the pattern of racketeering activity, or conducted the affairs of an enterprise through the pattern of racketeering

1

activity, **or** (iv) conspired to do any of (i), (ii), (iii) and (5) that the racketeering activity affected interstate commerce. Strader  at pages 267 & 268.

DEFINITIONS:

(1) ***Enterprise -***  "[A]ny individual, partnership, corporation, association, or other legal entity [or] any union or group of individuals associated in fact although not a legal entity. Strader at page 270. "No restrictions are placed on the associations encompassed by this definition." See *United States v. Turkette,*  452 U.S. 576 (1981).   The enterprise need not have an economic motive. See *National Organization for Women v. Scheidler,*  510 U.S. 249 (1994). An association in fact may include both individuals and legal entities. See *United States v. London,* 66 F.3d 1227 (1st Cir. 1995).  Proof of an association-in-fact enterprise requires three elements. First, an enterprise must function as a continuing unit; second, the participants in the enterprise must function with common purpose, and third, the enterprise must exhibit an identifiable structure. Strader at pages 273 & 274.

(2) ***Predicate acts -***  In re states: include but are not limited to murder, ***kidnapping***, gambling, arson, robbery, bribery, and ***extortion.***  Federal crimes cognizant under RICO as predicate acts include ***mail fraud***, wire fraud, ***obstruction of justice,***  and ***extortion.***

(3) ***Pattern -***  Requires two or more predicate acts within ten years subject to the caveat that there must be an established relationship plus continuity between or among the predicate acts.  Strader at page 288.  A relationship exists among the predicate acts if they have the same or similar purposes, results, participants, victims, or [disjunctive] methods of commission, or [disjunctive]  are interrelated

by distinguishing characteristics  and are not isolated events. <u>Strader</u> at page 289.
The continuity prong is satisfied if the predicate acts posed a threat of repetition,
involve open-ended activity, and ***the predicate acts <u>are part of the regular way</u>***

***<u>the defendant(s) conducted their activities.</u>***

FURTHER NOTE ON RICO REGARDING THE STATUTE OF LIMITATIONS:

Congress, in acting RICO legislation, did not prescribe a statute of limitations.
The limitation of actions in RICO is governed by the doctrine of *laches*  yielding a
*presumed statute of limitations* of four years with the Federal Circuits divided on whether
the *last act doctrine* applies.   This Court is charged with the knowledge that whether a
complaint is *lached* is a ***question of fact for the jury*** and cannot be predetermined by the
Court unless the complaining  party tenders for the Court's consideration of  predicate
acts discovered  in excess of four years.[1] **NOTE: an extended memorandum of law in
re limitations of RICO complaints is available on request but in the interest of
brevity is NOT offered here as there can be no doubt that this Complaint is well
within the four year "statute of limitations" as all predicate acts complained of are
pled in harmony with the <u>FAIR DEBT COLLECTIONS PRACTICES ACT</u> statute
of limitations which is one year.**

<u>Notice to the Court of the pleading standard</u>
<u>of stating a claim for fraud pled with particularity</u>

II.

(1) Where plaintiffs filed a written response directed at failure of defendants'
motion to dismiss to state with particularity to grounds therefore, but defendants failed to

---

[1] In *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* The United States Supreme Court ruled that
the four-year limitations period applicable to private antitrust actions under the Clayton Act also should
apply to RICO actions.

make the motion more explicit, defendants' motion should be denied. *Bartholomew v. Port, D.C.Wis.* 1970, 309 F.Supp. 1340.

(2) Rule requiring that averments of fraud be pled with particularity must be read in conjunction with rule requiring plaintiff to plead only short, plain statement of grounds upon which he is entitled to relief. *Eickhorst v. E.F. Hutton Group, Inc.,* S.D.N.Y. 1990, 763 f.Supp. 1196.

(3) Rule 9(b) of these rules requiring that circumstances constituting fraud or mistake shall be stated with particularity should be considered in light of whole spirit of modern federal pleading should be short, concise and direct. *U.S. v. Dittrich,* D.C.Ky. 1943, 3 f.R.D. 475. See, also, *U.S. v. Kralmann,* D.C.Ky. 1943, 3 F.R.D. 473.

(4) All ambiguities concerning meaning of pleader's language must be resolved in favor of claim attempted to be stated, and , if language employed to state claim is not sufficiently definite to enable the adversary to prepare his responsive pleadings or to prepare for trial, the remedy is a motion for a more definite statement or a bill of particulars. *Clyde v. Broderick,* C.C.A.Colo. 1944, 144 D.2d 348.

(5) **Rule requiring that fraud be pled with particularity requires no more than that the complaint give each defendant notice of precisely what he is charged with.** *Cowen & Co. v. Merriam,* **S.D.N.Y. 1990, 745 F.Supp. 925.**

(6) Remedy for vague complaint is not motion to dismiss but rather motion for more particular statement of claim. *United Ins. Co. of America v. B.W. Rudy, Inc.,* D.C.Pa. 1967, 42 F.R.D. 398.

(7) To plead fraud with sufficient particularity, complaint must identify actionable false and misleading statements, whether oral or written, must allege time, place and

circumstances of statements, and must allege scienter on part of defendants, or conditions under which scienter may be inferred. *Feigenbaum v. Marble orf America, Inc.,* S.D.N.Y 1990, 735 F.Supp. 79.

(8) To satisfy requirement that fraud be pled with particularity, plaintiffs must specify precisely what statements were made in what documents or oral misrepresentations or what omissions were made, time and place of each such statement and person responsible for misrepresentations or omissions, context of such statements and manner in which they misled plaintiffs, and what defendants obtained as a consequence of the fraud. *Kuczynski v. Ragen Corp.,* S.D.N.Y 1989, 732 F.Supp. 378.

(9) Complaint which specified period of time during which alleged frauds were perpetrated, location, nature of fraud, and parties involved in fraud satisfied procedural rule {Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.} requiring pleading of fraud with particularity. *Mitchell Energy Corp. v. Martiin*, D.C.Tex 1985, 616 F.Supp. 924.

(10) **Plaintiffs are not expected to specify exact time and place of particular misrepresentation or omission**. *Towers Financial Corp. v. Solomon*, N.D.Ill. 1989, 126 F.R.D. 531.

(11) Although plaintiffs' claims against agent of corporation failed to allege fraud with sufficient particularity, trial court abused its discretion by not granting plaintiffs leave to replead, where plaintiff had not been granted prior opportunity to replead fraud with greater specificity and where plaintiffs had not had discovery of defendant. *Devaney v. Chester*, C.A.2 (N.Y.) 1987, 813 F.2d 566.

(12) Averments that defendants stated that air units would heat but that in fact air units did not heat were sufficient to meet requirements of this rule that averments of fraud

be stated with particularity. *Bobby Jones Garden Apartments, Inc. v. Suleski,* C.A.Fla. 1968, 391 F.2d 172.

(13) Complaint pled fraud in connection with Racketeer Influenced and Corrupt Organizations Act (RICO) allegations with sufficient particularity by alleging that chairman of insurer's underwriting committee manipulated underwriting requirements to enable him to extort money from contractor clients of corporation for his personal benefit, that other members of the underwriting committee were aware of and acquiesced in those activities, that others conspired or knew of a conspiracy to falsify claims information, and that law firm used the corporation as a "cash cow" to generate excessive fees by forcing it to retain the law firm to render unnecessary legal services. *Insurance Consultants of America, Inc., Employee Pension Plan v. Southeastern Ins. Group, Inc.,* D.N.J. 1990, 746 F.Supp. 390.

(14) Time, place and contents of fraud must be pled, but complainant need not plead evidence. *Fujisawa Pharmaceutical Co., Ltd. V. Kapoor,* N.D.I.ll. 1993, 814 F.Supp. 720. Federal civil Procedure 636.

(15) Rule requiring that fraud allegations be pleaded with particularity did not require particularity to the degree so as to supplant general discovery methods. Sunbird *Air Services, Inc. v. Beech Aircraft Corp.,* D.Kan. 1992, 789 F.Supp. 364. Federal civil Procedure 636.

(16) Ordinarily, allegations of fraud cannot be founded solely "upon information and belief," except to those matters particularly within opposing party's knowledge; in latter instance, allegations must be accompanied by statements of facts upon which belief

is founded. *PI, Inc. v. Ogle,* S.D.N.Y. 1996, 932 F.Supp. 80.  Federal Civil Procedure 636.

(17)  Motion to dismiss under rule requiring averments of fraud to be pled with particularity will be denied if pleading contains some allegations of fraud. *Giuliano v. Everything Yogurt, Inc.,* E.D.N.Y. 1993, 819 F.Supp. 240. Federal Civil Procedure 636.

(18) Although particularity requirement for pleading fraud does not require plaintiff to plead facts that if true, would show that defendant's alleged misrepresentations are false, it does require plaintiff to state identity of person making misrepresentation, time place, and content of misrepresentation, and method by which misrepresentation was communicated to plaintiff.  *Uni Quality, Inc. v. Infotronx, Inc.,* C.A. 7 (Ill.) 1992, 974 F.2d 918.  Federal Civil Procedure 636

(19)  Rule's requirement of pleading fraud with particularity is not absolute or limitless; plaintiff need not go so far as to give defendant a pretrial memorandum containing all the evidentiary support for plaintiff's case, but need only set forth a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants. *Schrag v. Dinges, D.Kan.* 1992, 788 F.Supp. 1543.  Federal Civil Procedure 636.

(20) Although circumstances constituting fraud must be stated with particularity, malice, knowledge, and other conditions of person's mind may be averred generally, and detailed evidentiary matters need not be pleaded with detail.  In re Cedar Hill Cemetery Litigation, S.D.N.Y. 1994, 853 F.Supp. 706.  Federal Civil Procedure 636. **NOTE: as related *supra*,  RICO has no *mens rea* requirement.**

(21) Allegations of fraudulent misrepresentation must be made with sufficient particularity and with sufficient factual basis to support inference that they were knowingly made. Ballan v. Upjohn Co., W.D.Mich. 1992, 814 F.Supp. 1375. Federal civil Procedure 636.

(22) Allegations of fraud must be stated with particularity, but plaintiffs need only describe the outline of the fraudulent scheme in securities fraud case and need not precisely identify the timing of each allegation. *Pucci v. Litwin,* N.D.Ill. 1993, 828 F.Supp,. 1285. Federal Civil Procedure 636.

(23) Fact that allegation of oral misrepresentations constituting fraud in sale of securities was deficient for not naming individuals with whom buyers of securities spoke or when misrepresentations were made did not warrant dismissal of fraud suit where allegations concerning fraud in offering memorandum and in misrepresentations by omission were sufficiently particular. *David K. Lindemuth Co. v. Shannon Financial Corp.,* N.D.Cal. 1986, 637 F.Supp. 991

<u>Notice to the Court of the Court's duty to recognize and respect</u>
<u>Richard L. Cornforth as a *Private Attorney General*</u>

**SPECIAL NOTICE:** Both a private party and the government may bring a civil RICO action. See Jennifer C. Jaff, *Goliath as Victim,* Quinnipiac Health L.J. 5 (1999-2000).

**ADDITIONAL SPECIAL NOTICE:** The private individual prosecuting a civil RICO is **not** required to show: (a) Prior convictions for RICO predicate acts,  or (b) injury separate from the injury resulting from the predicate acts. See *Sedima,*  473 U.S. at page 484.

III. Congress, in enacting civil racketeering laws, intended that persons such as Richard L. Cornforth are *private attorney generals.* See <u>Agency Holding Corp. v. Malley-Duff & Associates,</u> 107 **SUPREME COURT** 2759, 483 U.S. 143, 151 (<u>1987</u>) and <u>Rotella v. Wood et al.</u>, 528 U.S. 549 (<u>2000</u>). See also: <u>ALYESKA PIPELINE SERVICE CO. v. WILDERNESS SOCIETY ET AL., 95 S. Ct. 1612, 421 U.S. 240 (U.S. 05/12/1975)</u>, <u>UNITED STATES PAROLE COMMISSION ET AL. v. GERAGHTY, 100 S. Ct. 1202, 445 U.S. 388 (U.S. 03/19/1980)</u>, <u>Nike, Inc. v. Kasky, 539 U.S. 654, 123 S.Ct. 2554, 156 L.Ed.2d 580 (U.S. 06/26/2003)</u>, <u>EVANS v. JEFF D. ET AL., 106 S. Ct. 1531, 475 U.S. 717 (U.S. 04/21/1986)</u>, <u>WEST VIRGINIA UNIVERSITY HOSPITALS v. ROBERT CASEY, 111 S. Ct. 1138, 499 U.S. 83 (U.S. 03/19/1991)</u>, <u>SHEARSON/AMERICAN EXPRESS INC. ET AL. v. MCMAHON ET AL., 107 S. Ct. 2332, 482 U.S. 220 (U.S. 06/08/1987)</u>, <u>NORTH CAROLINA DEPARTMENT TRANSPORTATION ET AL. v. CREST STREET COMMUNITY COUNCIL, 107 S. Ct. 336, 479 U.S. 6 (U.S. 11/04/1986)</u>, <u>F. D. RICH CO. v. UNITED STATES FOR USE INDUSTRIAL LUMBER CO., 94 S. Ct. 2157, 417 U.S. 116 (U.S. 05/28/1974)</u>, <u>Martin v. Franklin Capital Corporation, 126 S.Ct. 704, 546 U.S. 132, 163 L.Ed.2d 547 (U.S. 12/07/2005)</u>, <u>Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (U.S. 03/01/1994)</u>, <u>DALE FARRAR AND PAT SMITH v. WILLIAM P. HOBBY, 113 S. Ct. 566 (U.S. 12/14/1992)</u>, <u>ROBERT G. HOLMES v. SECURITIES INVESTOR PROTECTION CORPORATION, 112 S. Ct. 1311 (U.S. 03/24/1992)</u>, BUSINESS GUIDES v. CHROMATIC COMMUNICATIONS ENTERPRISES, 111 S. Ct. 922, 498 U.S. 533 (U.S. 02/26/1991,  <u>ATLANTIC RICHFIELD CO. v. USA PETROLEUM CO., 110 S. Ct. 1884, 495 U.S. 328 (U.S. 05/14/1990)</u>, <u>UNITED STATES v. HALPER, 109 S. Ct. 1892, 490 U.S. 435 (U.S. 05/15/1989)</u>, UNITED STATES DEPARTMENT LABOR v. GEORGE R. TRIPLETT ET AL. COMMITTEE ON LEGAL ETHICS WEST VIRGINIA STATE BAR, 110 S. Ct. 1428,  <u>TEXAS STATE TEACHERS ASSOCIATION ET AL. v. GARLAND INDEPENDENT SCHOOL DISTRICT ET AL., 109 S. Ct. 1486, 489 U.S. 782 (U.S. 03/28</u>, <u>PENNSYLVANIA ET AL. v. DELAWARE VALLEY CITIZENS' COUNCIL FOR CLEAN AIR ET AL., 107 S. Ct. 3078, 483 U.S. 711 (U.S. 06/26/1987)</u>,  <u>CLARKE v. SECURITIES INDUSTRY ASSOCIATION, 107 S. Ct. 750, 479 U.S. 388 (U.S. 01/14/1987)</u>,  <u>CITY RIVERSIDE ET AL. v. RIVERA ET AL., 106 S. Ct. 2686, 477 U.S. 561 (U.S. 06/27/1986)</u>, <u>MITSUBISHI</u>

MOTORS CORP. v. SOLER CHRYSLER-PLYMOUTH, 105 S. Ct. 3346, 473 U.S. 614 (U.S. 07/02/1985), SEDIMA v. IMREX CO., 105 S. Ct. 3275, 473 U.S. 479 (U.S. 07/01/1985), BLUM v. STENSON, 104 S. Ct. 1541, 465 U.S. 886 (U.S. 03/21/1984), GUARDIANS ASSOCIATION ET AL. v. CIVIL SERVICE COMMISSION CITY NEW YORK ET AL., 103 S. Ct. 3221, 463 U.S. 582 (U.S. 07/01/1983), and SSOCIATED GENERAL CONTRACTORS CALIFORNIA v. CALIFORNIA STATE COUNCIL CARPENTERS ET AL., 103 S. Ct. 897, 459 U.S. 519.

## Notice regarding void judgments

VOID JUDGMENT DEFINED: A **void judgment** which includes judgment entered by a court which **lacks jurisdiction over the parties or the subject matter**, or **lacks inherent power to enter the particular judgment**, or an order procured by fraud, can be attacked *at any time,* in any court, either directly or collaterally, provided that the party is properly before the court, *Long v. Shorebank Development Corp.,* 182 F.3d 548 ( C.A. 7 Ill. 1999). Judgment is a **void judgment** if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or **acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., *Rule 60(b)(4),* 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 – *Klugh v. U.S.,* 620 F.Supp. 892 (D.S.C. 1985).

MORE ON VOID JUDGMENTS RELYING ON OKLAHOMA SUPREME COURT DECISIONS:

The general rule is that a void judgment  is no judgment at all. Where judgments are void, as was the judgment originally rendered by the trial court here, **any subsequent proceedings** based upon the void judgment  **are themselves void**. In essence, **no judgment existed from which the trial court could adopt either findings of fact or conclusions of law. *Valley Vista Development Corp. v. City of Broken Arrow*, 766 P.2d 344, 1988 OK 140 (Okla. 12/06/1988).** A facially void judgment  may

be vacated at any time. Section 1038 provides that the passage of time does not operate to bar a quest to vacate a facially void judgment. *Read v. Read*, 2001 OK 87 (Okla. 10/16/2001). The pertinent provisions of 12 O.S. Supp. 1993 §1038 state: "A void judgment, decree or order may be vacated at any time on motion of a party, or any person affected thereby." Title 12 O.S. 1971 § 1038 provides that a void judgment  may be vacated at any time on motion of "any person affected thereby." The insurance company claims that it has never asked that the default judgment be declared void, merely that the judgment should be ignored since it is a nullity. Defendant's argument is supported by the general rule that a void judgment is no judgment at all. *Le Clair v. Calls Him*, 106 Okl. 247, 233 P. 1087 (1925).

"A void judgment is, in legal effect, no judgment at all. By it no rights are divested; from it no rights can be obtained. Being worthless, in itself, all proceedings founded upon it are necessarily equally worthless, and have no effect whatever upon the parties or matters in question. **A void judgment  neither binds nor bars anyone. All acts performed under it, and all claims flowing out of it, are absolutely void. The parties attempting to enforce it are trespassers."** *High v. Southwestern Insurance Company*, **520 P.2d 662, 1974 OK 35 (Okla. 03/19/1974).**

A void judgment  may be vacated at any time. Title 12, Oklahoma Statutes, Section 1038. Void judgments may be vacated at any time, *Churchill v. Muegge*, Okl., 323 P.2d 339, and may be vacated at any time on the motion of any interested party. *State v. City of Tulsa*, 153 Okl. 262, 5 P.2d 744. A void judgment  cannot constitute *res judicata*. **Denial of previous motions to vacate a void judgment could not validate the judgment or constitute *res judicata*, for the reason that the lack of judicial power**

**inheres in every stage of the proceedings in which the judgment was rendered.**
***Bruce v. Miller*, 360 P.2d 508, 1960 OK 266 (Okla. 12/27/1960)**. A void judgment is
one that is void upon the face of the judgment roll. *Capitol Federal Savings Bank v.
Bewley*, 795 P.2d 1051 (Okl. 1990). The judgment roll has been defined to include the
petition, process, return, pleadings, reports, verdicts, orders and all acts and proceedings
of the court. *Mayhue v. Mayhue*, 706 P.2d 890 (Okl. 1985). A void judgment may be
attacked at any time, *Capitol Federal Savings Bank v. Bewley*, supra. Here, it is clear
from the face of the order confirming sale that Appellant's due process rights were
violated. Thus, the order confirming sale is void on its face and the trial court was
without jurisdiction to enter such order. The trial court's judgment is REVERSED AND
this matter is REMANDED for further proceedings consistent with this opinion. *Federal
Deposit Ins. Corp. v. Duerksen*, 810 P.2d 1308, 1991 OK CIV APP 39 (Okla.App.Div.3
04/30/1991). Any interested party may move to set aside a void judgment. *High v.
Southwestern Insurance Co.*, Okl., 520 P.2d 662 (1974). Under the provisions of 12 O.S.
1971 § 1038 any party affected by a void judgment has an independent claim for
vacation. It may seek vacation at any time. *Jent v. Brown*, Okl., 280 P.2d 1005, 1008
[1955].

Prepared and submitted by:

Richard L. Cornforth
1820 N. Glade Avenue
Bethany, Oklahoma 73008
Phone: (386) 747-7000
Fax: (206) 260-6235

Copies to:

The Honorable Eric Holder,
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Garvin A Isaacs , Jr.
Garvin A Isaacs Inc
1900 NW expressway, Suite 601
Oklahoma City, OK 73118

United States Department of Justice
Organized Crime and Racketeering Section
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Department of Justice
Criminal Division: Chief of Fraud Section: Denis J. McInerney
Attn: Duty Attorney
Washington, DC 20530