**FILED**

In the District Court of the United States
For the Western Federal District of Oklahoma

OCT - 1 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| Richard L. Cornforth, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) No. CIV-10-1003-R |
| | ) |
| Edward A. Goldman, d.b.a. GOLDMAN LAW, PLLC, | ) |
| | ) |
| Defendant. | ) |

<u>Consonant with Richard L. Cornforth's RICO Case Statement, Richard L. Cornforth notices the court of Stephen P. Friot's complicity in a scheme to defraud which implicates Judge Friot in a nationwide conspiracy to defraud the law-consuming public of oppressive and fraudulent attorney fee awards.</u>

<u>Brief in support of how the scam that Judge Friot is involved in works</u>

1. In Oklahoma, [and likely every other state as well as federal venues] award of attorney fees must derive from contract or statute. See also, the *American Rule* providing that the individual litigants must pay their own litigation expenses depriving courts of authority to award fees where not based on statutory or contractual authorities.

2. In Oklahoma, [C]ourt's authority to award attorney fees is provided for in O.S. 12, § 936-941. Had the [Oklahoma] Legislature wished to include attorney fees [they would have published their legislative intent in] statutes . . . . especially in light of numerous decisions strictly interpreting the right to recover attorney fees. *Riedel v. First Bank of Oregon*, 287 Or. 285, 598 P.2d 302, 304-05. Moreover, the Commentary to Sections 4-207 and 4-208 notes that the inclusion of expenses does not include attorney fees in light of Oklahoma's strict application of the *American Rule*. See also, *Christensen Aviation, Inc. v. State Bank, N.A.*, 2001 OK CIV APP 19 (Okla.App. 01/23/2001).

1

**<u>Oklahoma's adherence to the common law would not recognize an allowance of attorney's fees in the absence of statute or specific contractual authority</u>**" - See *Christensen at* [35].

3. Awarding a bar-licensed attorney fees against a non-bar pro se litigant who can not qualify for receipt of attorney fees violates the Fourteenth Amendment guarantee of ***equal protection of the laws.*** Oklahoma Courts lack authority to award non-bar pro se litigants attorney fees [as no known] authority [was found extant] which holds [for] the proposition that non-bar pro-se litigants are entitled to . . . attorney fees . . ." See *Tillery v. Tulsa Christian Care Center, Inc.* 2005 OK CIV APP 54 118 P.3d 772. See also, *Bowlin v. Alley,* 1989 OK 66, ¶8, 773 P.2d 365 at page 367; Since no known authority holds for the proposition that non-bar pro se litigants can be awarded attorney fees, awarding fees to the bar-licensed attorney representing the party in opposition of the non-bar pro se litigant would violate the Fourteenth Amendment's guarantee of equal protection of the laws. See again: *Tillery v. Tulsa Christian Care Center, Inc.* 2005 OK CIV APP 54 118 P.3d 772. See also, *Bowlin v. Alley,* 1989 OK 66, ¶8, 773 P.2d 365 at page 367.

4. The Court's authority to award attorney fees does not arise from prevailing party status. Also, defendant who defeats a plaintiff's claims does not confer prevailing party status on the defendant. See *Buchannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U. S. 598, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855, (U.S. 05/29/2001).

5. Extant court records, to the extent that they have not been destroyed by Eddie Goldman, validate that Goldman is a scam artist, one of many, who gleans huge attorney

2

fee awards disguised as, "judgment for fees," then uses any guile necessary including false arrest and false imprisonment to extort attorney fees, even if it means reaching and liquidating money and property exempt from attachment.

6. I, Richard L. Cornforth, first witnessed Stephen P. Friot scamming one of my friends with attorney fees[1] after Judge Friot had been placed on notice of the above and foregoing controlling authorities. Friot's only *safe harbor* is a findings of fact and conclusions of law determining that the party being scammed of attorney fees was guilty of frivolous filings. In my work as a law educator of pro se litigants including some bar-licensed attorneys, I have, individually and through my students, reviewed tens of thousand of cases filed by bar-licensed attorneys; I am not aware and have not been made aware of even one civil lawsuit filed by a bar-licensed attorney[2] that was anything but frivolous! In this light, Judge Friot, who is purportedly a past president of the Oklahoma Bar Association, places OBA associates' fraudulently-based empowerment to scam Oklahoman's with "judgment for attorney fees" over his duties to uphold the Constitution and his presumed Oath provides:

*28 USC* Sec. *453* TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE PART I - ORGANIZATION OF COURTS CHAPTER 21 - GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES Sec. 453. Oaths of justices and judges. Each justice or judge of the United States **shall** take the following oath or affirmation before performing the duties of this office: "I, _ _ _ _ _ _, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor

---

[1] Who will state in writing that a judge scamming a party with attorney fees where not authorized by law is not a felony found at 18 U.S.C. § 241?

[2] I have learned of the first in *Smith vs. Rockett, et al.* 522 F.3d 1080 (10th Cir. 04/11/2008)

3

and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _ _ _ under the Constitution and laws of the United States. So help me God." The question is begged, if Judge Friot has in fact subscribed to this statutorily-prescribed Oath, who or what is Friot's God?

7. The attachments to this document speak for themselves regarding Judge Friot's participation in a scheme to defraud through the conspiracy theory of aiding and abetting, to wit:

A person is a party to conspiracy if the party intentionally misleads either private parties or authorities. A conspirator need not do anything directly resulting in harm, also known as the *vicarious liability rule of conspiracy*. Each member of a conspiracy is *criminally* responsible for all crimes committed by his co-conspirators or even *innocent agents* of conspirators if the member of the conspiracy does any act to further the object of the conspiracy. Under laws relating to conspiracy, a lone perpetrator of wrong could not have accomplished the wrong by themselves. *Any party* who deliberately sets in motion a *chain of events* that he knows will cause a third party, even if an innocent agent, to commit an act, the conspirator is criminally responsible for that act. In law, the *cause* means to bring into existence a criminal act, which would not have happened absent the progenitor of the chain of events. The *doctrine of innocent agent* allows **a defendant who is not present at the commission of a crime to be convicted as a principal in the first degree if the defendant engaged in actions which** caused or **enabled the actual perpetrator to commit the crime** as an innocent agent of the defendant. An innocent agent who is not the offender of law is just as guilty as if the innocent agent had done the act; the innocent agent is deemed to be *constructively present*. It is not a defense for the

4

innocent agent to claim want of proof that the principal wanted the innocent agent to commit a crime; **it is only necessary to show that the innocent agent was part of a pattern of acts** which caused the innocent agent to commit a crime. See 18 U.S.C. § 2(b) providing: *Whoever willfully causes an act to be done which if directly performed by him would be an offense against the United States is punishable as a principal.* A conspirator cannot claim immunity from criminal acts by causing a third party to do the criminal act.

Apart from the *vicarious liability rule of conspiracy*, there is a separate and independent companion legal theory of criminal responsibility which imputes guilt to a *non-perpetrator - aiding an abetting.*

AIDING AND ABETTING DEFINED:

*18 USC* Sec. *3*   01/19/04,  TITLE 18 - CRIMES AND CRIMINAL PROCEDURE PART I – CRIMES, CHAPTER 1 - GENERAL PROVISIONS, Sec. 3. Accessory after the fact Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact. Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be imprisoned not more than 15 years.

The essence of conspiracy is the an agreement among co-conspirators to commit the crime or crimes. One is guilty under the theory of law known as *aiding and abetting* if the actor instigates or encourages the commission of the offense, *or **assists the***

*perpetrator in some way in the commission of the crime, or assists the perpetrator in evading the consequences of his crime or crimes.* VERY SPECIAL NOTE: <u>**When a conspirator enters an ongoing conspiracy, he is held to have adopted the earlier statements of fellow co-conspirators, so these are admissible against him**</u>. See F.R.E. 801(d)(2)(E).

**ABSOLUTE JUDICIAL IMMUNITY VITIATED IN CASES OF CONSPIRACY**

. . . "the *judicially fashioned doctrine* of official immunity does not reach so far as to immunize criminal conduct proscribed by an Act of Congress." See SUING JUDGES, A Study of Judicial Immunity, Abimbola Olowofoyeku, Clarendon Press Oxford, at page 77. "Absolute immunity from criminal liability involves immunity even in cases of alleged malice and negligence. *Fraud,[3] corruption, and other inherently criminal acts . .[such as conspiracy and aiding and abetting] . . are not covered.* SUING JUDGES, *id supra* at page 78. See also, *United States v. Hastings,* 681 F.2d 706 at 711, n. 17 (11th Cir. 1982), *O'Shea v. Littleton,* 38 L.ed. 2d 674 at 688 (1974), and *Cooke v. Bangs,* 31 F. 640 (US Cir. Ct. Minnesota, 1887) at page 642.

<u>**Reckless and wonton disregard for the consequences of one's actions or even indifference to the effects of one's actions establishes intent, even if no other evidence is extant to establish the existence of a conspiracy. Indifference and/or disregard of the criminal nature of the acts which one was a part of, no matter how seemingly insignificant the role played, renders a defense against aiding and abetting nonsensical and renders**</u> the law found at 18 U.S.C. § 4 *construed to absurdity.* Since every sane man is presumed to intend all the natural and probable

---

[3] FRAUD: "A false pretense may consist in any act, word, or symbol calculated and intended to deceive. It may be made either expressly, or by implication."

consequences flowing from his own deliberate act, it follows that if one willfully does an act, the natural tendency of which is to cause criminal harm, the irresistible conclusion is that the crime was intended. "The intent with which an act is done may be inferred from the act itself and the surrounding circumstances, it being presumed that every person intends the natural and probable consequences of his actions." "The specific intent [to commit a criminal act] may be inferred so long as the surrounding circumstances show that the defendant intended the willfully committed act, the direct and natural tendency of which is . . . . [a criminal act]." *People v. Migliore*, 170 Ill. App. 3d 581, 586 (1988), "The  . . . . [commission of the act] . . . supports the conclusion that the person doing so acted with . . . . intent to [commit the criminal act] . . . . ." *People v. Thorns*, 62 Ill. App. 3d 1028, 1031 (1978), citing *People v. Munoz*, 44 Ill. App. 3d 339 (1976).  See also, *People v. Coolidge,* 26 Ill.2d 533, 537, 187 N.E.2d 694 (1963). *It is not a defense to criminal charges that the victim permitted the criminal act to occur.*

- Adapted from excerpts taken from  THE PROSECUTION OF GEORGE W. BUSH FOR MURDER,  Vincent Bugliosi, Vanguard Press, © 2008 with added commentaries by Richard Luke Cornforth.

Prepared and submitted by: _____
Richard L. Cornforth
1820 N. Glade Avenue
Bethany, Oklahoma 73008
Phone: (386) 747-7000
Fax: (206) 260-6235

Copies to:

The Honorable Eric Holder,
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Garvin A Isaacs , Jr.
Garvin A Isaacs Inc
1900 NW expressway, Suite 601
Oklahoma City, OK 73118

United States Department of Justice
Organized Crime and Racketeering Section
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Department of Justice
Criminal Division: Chief of Fraud Section: Denis J. McInerney
Attn: Duty Attorney
Washington, DC 20530

Copies to:

The Honorable Eric Holder,
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Garvin A Isaacs , Jr.
Garvin A Isaacs Inc
1900 NW expressway, Suite 601
Oklahoma City, OK 73118

United States Department of Justice
Organized Crime and Racketeering Section
950 Pennsylvania Avenue, NW
Washington, DC 20530

United States Department of Justice
Criminal Division: Chief of Fraud Section: Denis J. McInerney
Attn: Duty Attorney
Washington, DC 20530

```
 1              THE COURT:  In the matter of Cornforth versus
 2   Cornforth, I've been advised by Mr. Goldman, who was here
 3   for a separate trial unrelated to this -- Mr. Cornforth came
 4   in today to file some motions, and I was advised that the
 5   parties wish to have a conference with the court.  Earlier
 6   this afternoon I received a call from Judge Friot, from the
 7   Western District of Oklahoma, who advised that I may be
 8   requested to go to a conference on the 20th.
 9         I advised Mr. Goldman to see if there's any
10   possibility we could move the trial to the 23rd.  I think
11   that is what is wished to be talked about today.  We've got
12   an opportunity to -- since Mr. Cornforth appeared today, I
13   decided it would probably be a good opportunity to address
14   this.
15         Mr. Goldman, did you-all have discussions?  I know
16   numerous things have been presented today that I believe my
17   bailiff has set for hearing.  Is that correct?
18              MR. GOLDMAN:  Yes.  That's set for March 6 at 3:30
19   p.m.
20              THE COURT:  Okay.  All right.  And those are the
21   filings that -- Mr. Cornforth, how many filings did you
22   bring in today to be set?
23              MR. CORNFORTH:  There were actually five.
24              THE COURT:  Okay.  And those are all now set March
25   6th?
```

<u>AFFIVAVIT</u>

I, Richard L. Cornforth, of age and competent to testify, state as follows based on my own personal knowledge:

1. On February 23rd of 2009, I appeared in Oklahoma County Special Judge Lisa K. Hammond's office to docket motions. I discovered Eddie Goldman eating a sandwich in Hammond's office and learned that Goldman was also there to docket a motion for a date that Goldman knew that I would be traveling out of state. After I protested, Hammond called Goldman and me into her courtroom for an impromptu hearing. Goldman entered the courtroom from Hammond's office as I had seen him do on other occasions. I also witnessed Goldman using Hammond's phone as if it was his own.

2. During the hearing of February 23rd, I heard Hammond distinctly state, "Federal Judge Friot has asked me to meet with him in his office at 9:00 am on March 20th and I don't know how long that meeting will last," or words to that effect.

3. Hammond used the Judge Friot intrigue to avoid a trial on the merits to commence by agreement of the parties on March 23rd of 2009. Hammond, on March 23rd, meeting ex parte with Goldman and without my consent, agreed to a trial to commence on April 1st of 2009 when they both knew that I would be out of the state. I never received an order signed by Hammond setting a new trial date of April 1st of 2009.

4. The February 23rd hearing was not transcribed until March 25th enabling Hammond and Goldman to conspire with Hammond's court reporter, Amy Rhea, to alter the record regarding the Judge Friot intrigue and to excuse away Hammond's February 23rd ex parte with Goldman.

5. Before Hammond and Goldman reduced their phantom trial to judgment, I informed Stephen Friot no less than three times of the mischief of Hammond and Goldman conducting an unscheduled, ex parte, default trial on April 1st which according to OSCN lasted only 55 seconds that resulted in me being deprived of approximately $200,000.00 of money and property. Judge Friot refused to respond, thereby giving Stephen P. Friot complicity in the conspiracy to defraud by aiding and abetting and that's a fact, not an opinion.

6. I have seen direct evidence that the Oklahoma Bar Association is behind personal attacks on me.

7. Due to Stephen P. Friot's acts or omissions, I have been damaged financially, socially, and emotionally.

Pursuant to O.S. §12-426.
"I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

_Oct 1 2010_ _____    _____
(Date and Place)                 (Signature)"

The signed statement under penalty of perjury shall constitute a legally binding assertion that the contents of the statement to which it refers are true.