## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD L. CORNFORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-10-1003-R |
| ) | |
| EDWARD A. GOLDMAN, d.b.a. ) | |
| GOLDMAN LAW, PLLC, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT EDWARD A. GOLDMAN'S MOTION FOR SUMMARY JUDGMENT

Defendant, Edward A. Goldman, moves the Court to grant him summary judgment against the Plaintiff and dismiss captioned case pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Undisputed Facts

1. The Defendant states there are no genuine issues of material fact and thus summary judgment is appropriate and captioned case should be dismissed with attorney fees awarded to the Defendant. All of the facts and circumstances of captioned case arise out of a divorce proceeding between Plaintiff and his former wife, Margaret Bernadine Cornforth.

2. The Defendant is a licensed attorney in the State of Oklahoma and he represented the Plaintiff's former wife in their divorce case filed in the District Court of Oklahoma County, State of Oklahoma, Case No. FD-2008-199. The divorce case was scheduled for trial on April 1, 2009. Mr. Cornforth was notified of the trial date by a letter from Mr. Goldman. The letter was served in person upon Mr. Cornforth by a licensed process server.

3. Mr. Cornforth failed to appear at his divorce trial. Mr. Cornforth's former wife, Bernadine Cornforth (Ms. Cornforth), testified at the divorce trial. The default trial was presided over by Judge Lisa Hammond. Judge Hammond entered a Decree of Dissolution of Marriage and distribution of the marital estate. Ms. Cornforth was awarded support alimony to be paid by Mr. Cornforth in the total sum of $45,000, payable at the rate of $750 per month commencing April 1, 2009, and a like payment on the first day of each month thereafter. A copy of the Decree of Dissolution of Marriage is attached hereto as Exhibit 1 and made a part hereof. Mr. Cornforth has failed to make any support alimony payments to the present date.

4. On June 5, 2009, Judge Hammond awarded Edward Goldman an attorney's fee in the divorce case in the sum of $14,060. Mr. Cornforth has failed to make any payment on the attorney fee award. A copy of the Application for Attorney Fees and Order are attached hereto as Exhibits 2 and 3 and made a part hereof.

5. On September 18, 2009, an Application for Citation and Citation for Contempt was filed by Ms. Cornforth stating the arrearage as of that date. Mr. Cornforth was served in person with both the Application and Citation. He failed to appear at his arraignment on December 1, 2009. Consequently, the Court ordered a Bench Warrant for Mr. Cornforth's arrest. A copy of the Application for Citation, Citation for Contempt, Order of December 1, 2009, and Bench Warrant are attached hereto, marked Exhibit 4, 5, 6 and 7, and made a part hereof.

6. On June 30, 2010, Ms. Cornforth filed a Motion for Judgment Against Respondent for Failing to Pay Support Alimony. A copy of the Motion is attached as Exhibit 8 and made a part hereof. On July 30, 2010, the Court entered a judgment in

Ms. Cornforth's favor against Mr. Cornforth in the sum of $12,000. A copy of the Order is attached as Exhibit 9 and made a part hereof.

7. On May 20, 2009, Mr. Cornforth filed a case against Ms. Cornforth, Edward Goldman and Judge Hammond in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2009-4677. In that case, as in this case, Mr. Cornforth's claim had no legal or factual basis. A copy of the Petition is marked Exhibit 10 and made a part hereof. The case against all of the Defendants in CJ-2009-4677 was dismissed with prejudice on December 11, 2009. A copy of the Dismissal is marked Exhibit 11 and made a part hereof. This case was assigned to Judge Sheila Kirk. On April 23, 2010, Judge Kirk awarded an attorney's fee in favor of Ms. Cornforth in the sum of $6,120 and awarded an attorney's fee in favor of Edward Goldman in the sum of $5,000. A copy of the Order on the attorney fee judgment is attached as Exhibit 12 and made a part hereof.

8. On March 15, 2010, Mr. Cornforth filed an action against the Oklahoma County Sheriff in the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2010-2184. A copy of the Petition is attached hereto, marked Exhibit 13, and made a part hereof. Mr. Cornforth claimed in the case against the Oklahoma County Sheriff that he was under house arrest as the result of the Bench Warrant issued for his arrest in his divorce action. Apparently the Deputy Sheriffs have attempted to arrest Mr. Cornforth so he hides in his home to avoid being arrested. Thus he contends Edward Goldman is the cause for him being unable to leave his residence.

9. While Case No. CJ-2010-2184 was pending, Mr. Cornforth on March 29, 2010, filed in the Supreme Court of the State of Oklahoma an Application to Assume

Original Jurisdiction, Case No. 108122. A copy of this Application is attached hereto, marked Exhibit 14, and made a part hereof. On May 10, 2010, the Supreme Court of the State of Oklahoma denied Mr. Cornforth's Application for Assume Original Jurisdiction. A copy of the Order is attached hereto, marked Exhibit 15, and made a part hereof.

10. On June 4, 2010, the trial court in CJ-2010-2184 awarded Edward Goldman an attorney's fee against Mr. Cornforth in the sum of $3,500. A copy of the Order is attached hereto, marked Exhibit 16, and made a part hereof.

### Argument and Authorities

11. The Plaintiff is recklessly prolific in filing cases and making baseless accusations. His claims fail to rise to any level of having any legal basis. Edward Goldman merely represented Plaintiff's wife in their divorce action and has sought proper legal process in order to enforce the terms and conditions of the Decree of Dissolution of Marriage. The Plaintiff files vexatious and libelous actions against the Defendant and anyone else who opposes his views. Plaintiff misuses the legal system in a manner to create chaos and turmoil in everyone's lives without adhering to the rules of procedure, statutes or case law.

12. The Plaintiff's theory of the case as recited in paragraph 4 of the Complaint is that the Defendant has engaged in certain illegal debt collection attempts against the Plaintiff. Such is not the case as the Plaintiff cannot prove his allegations.

The Defendant prepared a Decree of Dissolution of Marriage as ordered by the Court. The Plaintiff has failed to comply with the terms and conditions of the Decree of Dissolution of Marriage and therefore Defendant filed a Motion to Reduce the arrearage

4

to judgment. The divorce court entered an Order reducing the arrearage to judgment. Defendant has no power or authority to enter a judgment against the Plaintiff.

13. The Plaintiff failed to appear at his contempt arraignment and the Court and not Defendant ordered a Bench Warrant for Plaintiff's arrest. Apparently, the Oklahoma County Sheriff's office has attempted to arrest the Plaintiff pursuant to the Bench Warrant. The Defendant has not attempted to arrest Plaintiff as he has no authority to do so. The Defendant has never been to Plaintiff's residence at any time.

14. Title 15 USC 1692(a)(6) defines the term "debt collector." Section 1692(a)(6)(A)(D) specifically excludes any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt. Apparently the Plaintiff makes his complaint against Defendant as the result of the law enforcement officials attempting to serve Plaintiff with a lawfully-issued Bench Warrant and thereby arrest the Plaintiff. Such acts by the law enforcement personnel are appropriate and justified. In any event, the Defendant is not liable for any acts by the law enforcement personnel attempting to obtain the arrest of the Defendant.

15. The case of Hicken v. Arnold, Anderson and Dove, PLLP, et al., 137 F.Supp.2d 1141(D), (Minn. 2001), was an action brought by the former husband against his former wife's law firm attempting to enforce the terms of a Decree of Divorce pursuant to the Fair Debt Collection Practices Act (FDCPA). The Hicken case was dismissed upon the law firm's Motion for Summary Judgment. The opinion states that the FDCPA may be triggered only when an obligation to pay arises out of a consumer transaction. The transaction must involve some kind of business dealing or other consensual consumer obligation. The Hicken case's decision was that property

5

settlement obligations under the terms of the Divorce Decree did not arise out of a

consensual consumer obligation or business dealing and, therefore, did not implicate a "transaction" within the meaning of the FDCPA and thus the law firm's Motion for Summary Judgment was sustained.

16.     This case is exactly on point with the *Hicken* case. The Defendant is merely attempting to enforce the terms and conditions of the Decree of Dissolution of Marriage.

**WHEREFORE**, Defendant requests the Court to grant his Motion for Summary Judgment; dismiss captioned case; and award him a reasonable attorney's fee due to this proceeding being a harassment and bad faith action against the Defendant pursuant to Title 15 USC 1692k(a)(3).

Edward Goldman, OBA #3437
222 N.W. 13th Street
Oklahoma City, OK 73103
405/524-3403
405/523-2108 (fax)
Attorney for Defendant

Certificate of Service

This is to certify that on the _27_ day of October, 2010, a true and correct copy of the within and foregoing Motion for Summary Judgment was mailed or faxed to:

Mr. Richard L. Cornforth
1820 N. Glade Ave.
Bethany, OK 73009

Edward Goldman