## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD L. CONFORTH,      )
                          )
      **Plaintiff,**        )
                          )
**v.**                         )     **Case No. CIV-10-1003-R**
                          )
**EDWARD A. GOLDMAN d/b/a**  )
**GOLDMAN LAW, PLLC,**      )
                          )
      **Defendant.**      )

## ORDER

Before the Court is Defendant Edward A. Goldman's motion for summary judgment Doc. No. 14.  Plaintiff Richard L. Conforth has filed a brief in opposition to the motion [Doc. No. 15] as well as a memorandum of law regarding certain of Defendant's exhibits [Doc. No. 17] and a motion to strike Defendant's motion for summary judgment [Doc. No. 16].

In his motion to strike, Plaintiff asserts that because Defendant's motion contains statements of counsel not properly considered in support of a motion to dismiss or summary judgment and contains personal attacks on Plaintiff, the motion should be stricken.  The Court will not consider any statements in Defendant's brief that are not properly supported by exhibits nor will the Court consider any statements in Defendant's brief that amount to personal attacks on Plaintiff.  Therefore, Plaintiff's motion to strike [Doc. No. 16] is DENIED as moot.

Local Civil Rule 56.1(c) provides that "the brief in opposition to a motion for summary judgment . . . shall begin with a section which contains a concise statement of

material facts to which the party asserts genuine issues of fact exist" and that "[e]ach fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state the number of the movant's facts that it disputed."  LCvR 56.1(c).  Neither Plaintiff's brief in opposition to Defendant's motion [Doc. No. 15] nor Plaintiff's memorandum of law regarding certain of Defendant's exhibits (which is in fact another brief in opposition to Defendant's motion for summary judgment), alone or conjunctively, complies with this rule.  Therefore, Plaintiff's briefs in opposition to Defendant's summary judgment motion [Doc. Nos. 15 & 17] are STRICKEN.

Local Civil Rule 56.1(c) also provides that "[a]ll material facts set forth in the statement of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."  LCvR 56.1(c).  Accordingly, the "Undisputed Facts" numbered 3, 4, 5, 6, 7, 8, 9 and 10 in Defendant' s motion which the Court finds are properly supported by the exhibits submitted with Defendant's motion for summary judgment are deemed admitted and the Court accepts them as true.

Plaintiff's obligations to pay alimony and attorney's fees set forth in the Decree of Dissolution of Marriage and the Order attached as exhibits to Defendant's motion are not "debts" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1691 *et seq.* because they do not arise out of consumer transactions or transactions involving some kind of business dealings or other consensual consumer obligations.  *See* 15 U.S.C. § 1692a(5).  *Hicken v. Arnold, Anderson & Dove, P.L.L.P.*, 137 F.Supp.2d 1141,

1143 (D. Minn. 2001). "When an obligation is created by something other than a consumer transaction, the obligation is not a 'debt' as defined by the FDCPA." *Cook v. Hamrick*, 278 F.Supp.2d 1202, 1205 (D. Colo. 2003). Moreover, the FDCPA applies to lawyers only if they are regularly engaged in consumer debt-collection litigation on behalf of creditor clients. *See id.*, citing *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Plaintiff has submitted no evidence showing that Defendant regularly represents creditors in consumer or other debt collection activities. In any event, while serving or attempting to serve Plaintiff with copies of the Decree and Court orders, which contained orders to Plaintiff to pay alimony or attorney's fees, Defendant was not acting as a debt collector. *See* 15 U.S.C. § 1692a(6)(b).

The Court also finds that neither an application for a contempt citation by Defendant nor a contempt citation or bench warrant issued by the state court constitutes a threat by Defendant to have Plaintiff arrested, *see* Complaint at ¶ 2(5), (7), or attempted extortion or embezzlement, *id.* at ¶ 2(6)(, (7), (8), (9), (10), (11), (12), (13), (14), (15), (16) & (17). The Court further finds that the mere filing of an application for a contempt citation by Defendant and the trial judge's issuance of a contempt citation and a bench warrant for failure to comply with a Court order and/or officers' attempts to or execution of the bench warrant cannot constitute a conspiracy, *see* Complaint at ¶ 2(8), (9)(, (10)(, (12), (13), (14), (17) & (18), at least absent other evidence, which Plaintiff has not adduced.

In accordance with the foregoing, Defendant's motion for summary judgment on Plaintiff's Complaint [Doc. No. 14] is GRANTED.

IT IS SO ORDERED this 29th day of November, 2010.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE