**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICHARD L. CONFORTH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CIV-10-1003-R |
| | ) |
| **EDWARD A. GOLDMAN d/b/a** | ) |
| **GOLDMAN LAW, PLLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## ORDER

Plaintiff has filed a motion for reconsideration of the Court's Order of November 29, 2010 and an alternative motion to modify or vacate that Order pursuant to Rule 60(b)(4), F.R.Civ.P. Doc. No. 38. Among other reasons for Plaintiff's motion, Plaintiff states that his "complaint is NOT a FDCPA complaint but as shown clearly on the face of the record, the complaint itself . . . states a claim for Civil RICO and civil rights violations." Doc. No. 38 at p. 1. Yet Plaintiff's Complaint states in the caption that is is a "Complaint Under Authority of the Fair Debt Collections [sic] Practices Act, Expressly, Title 15 of the U.S. Code found at sections, 1692d(1), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(9), 1692e(10), and 1692e(13), pled in harmony with Title 18 of the U.S. Code at sections 1964(a) & (c) and Title 18, sections 1341, 1436, & 1962." Doc. No. 1. The Complaint also states in boldface print that it "is expressly limited to defendant Edward A. Goldman's violations of the laws of the United States, while Goldman was acting in the capacity of a third party debt collector." Doc. No. 1 at p. 1. The Complaint does not

reference any federal civil rights statutes nor does it state or even attempt to state a claim for the violation of any federal civil rights statutes. Plaintiff's Complaint failed to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* because Plaintiff failed to allege and show in response to Defendant's motion that Defendant derived income through the collection of an unlawful debt or from a pattern of extortion, embezzlement and/or mail fraud or conspired to do so, *see* 18 U.S.C. § 1962(a) & (d), and Plaintiff also failed to allege or show the existence of an "enterprise" necessary to the other RICO provisions. *See* 18 U.S.C. § 1962(a), (b) & (c).

Plaintiff's motion for reconsideration and alternative motion to modify or vacate [Doc. No. 38] the Court's Order and Judgment of November 29, 2010 [Doc. Nos. 32 & 33] are DENIED.

IT IS SO ORDERED this 17th day of December, 2010.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE